UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6343-CR-ZLOCH

UNITED STATES OF AMERICA,

          Plaintiff,

v.

LINDON JOHNSON,
a/k/a "Pablo"
a/k/a/ "Tommy"
MOSI GRANT
a/k/a "Pepe"
a/k/a "Spanky"
RICKY MOTEN
VINCENT HAUGHTON,
a/k/a "Junior," and
TAMEKA JOHNSON
          Defendants.
_____/

GOVERNMENT'S PROPOSED
JURY INSTRUCTIONS

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the United States of

America respectfully requests that the following jury instructions be given at trial in this case.

The United States also requests that leave be granted to tender such supplemental instructions as

the evidence may demand.

It is further requested that the parties be informed prior to closing argument which

instructions the Court will accept and which it will reject.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____

DANA O. WASHINGTON
Assistant United States Attorney
Court No.: A5500418
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Phone: (954) 356-7255
Fax: (954) 356-7336
E-mail: dana.washington@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by United

States mail this day, March __7th__, 2001, to:

David Joffe, Esquire
2900 Bridgeport Avenue
Suite 401
Coconut Grove, FL 33133-3606
Fax: (305) 446-5856
*(Attorney for Lindon Johnson)*

Robert Berube, Esquire
Assistant Federal Public Defender
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, FL 33301
Fax: (954) 356-7556
*(Attorney for Mosi Grant)*

Ana Maria Jhones, Esquire
330 Biscayne Blvd.
Suite 625
Miami, FL 33132-2255
Fax: (954) 568-1870
*(Attorney for Ricky Moten)*

Emmanuel Perez, Esquire
2121 Ponce de Leon Boulevard
Suite 9
Coral Gables, FL 33134
Fax: (305) 441-9218
*(Attorney for Tameka Johnson)*

DANA O. WASHINGTON
ASSISTANT UNITED STATES ATTORNEY

3

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6343-CR-ZLOCH

UNITED STATES OF AMERICA.

Plaintiff,

v.

LINDON JOHNSON,
a/k/a "Pablo"
a/k/a/ "Tommy"
MOSI GRANT
a/k/a "Pepe"
a/k/a "Spanky"
RICKY MOTEN
VINCENT HAUGHTON,
a/k/a "Junior," and
TAMEKA JOHNSON

Defendants.

_____/

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in

deciding this case. When I have finished you will go to the jury room and begin your discussions -

- what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt

the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 1 (1997).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

### Duty to Follow Instructions
### Presumption of Innocence

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 2.1 (1997).

## GOVERNMENT'S PROPOSED (ALTERNATE) JURY INSTRUCTION NO. 3

### Duty to Follow Instructions
### Presumption of Innocence
### (When Any Defendant Does Not Testify)

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 2.2 (1997).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

### Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 3 (1997).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

### Consideration of the Evidence, Direct
### and Circumstantial - - Argument of Counsel
### Comments by the Court

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 4.2 (1997).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

### Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 5 (1997).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

### Impeachment - - Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 6.1 (1997).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

### Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 7 (1997).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

### Caution - - Punishment
### (Multiple Defendants - - Multiple Counts)

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 10.3 (1997).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

### Accomplice

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Special Instruction 1.1 (1997).

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11**

### Controlled Substances
### (Possession With Intent To Distribute)
### 21 USC § 841(a)(1)

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for

anyone to possess a "controlled substance" with intent to distribute it.

Marijuana, cocaine and cocaine base ("crack cocaine") are "controlled substances" within

the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved

beyond a reasonable doubt:

| | |
|---|---|
| First: | That the Defendant knowingly and willfully possessed marijuana, cocaine or cocaine base ("crack cocaine")as charged; and |
| Second: | That the Defendant possessed the substance with the intent to distribute it. |

To "possess with intent to distribute" simply means to possess with intent to deliver or

transfer possession of a controlled substance to another person, with or without any financial interest

in the transaction.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Offense Instruction 73 (1997).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12

### Controlled Substances
### (Conspiracy)
### 21 USC § 846

Title 21, United States Code, Section 846 makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841(a)(1). Section 841(a)(1) makes it a crime for anyone to knowingly possess marijuana, cocaine or cocaine base ("crack cocaine") with intent to distribute it.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme, or that those who were members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

| | |
|---|---|
| First: | That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and |
| Second: | That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it. |

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Offense Instruction 75 (1997).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

### Aiding and Abetting (Agency)

### 18 USC § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Special Instruction 7 (1997).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

### Possession

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 2.1 (1997).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

### On or About - - Knowingly

You will note that the indictment charges that the offenses were committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offenses. It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

The word "knowingly," as that term has been used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 9.2 (1997) .

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16

### Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 11 (1997).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17

### Verdict

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 12 (1997).