IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA



MOSI GRANT,

    Petitioner,

-VS-

                CRIMINAL CASE NUMBER.:
                00-6343-CR-ZLOCH

UNITED STATES OF AMERICA,

    Respondent,

_____/

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

   **AND NOW,** comes Mosi Grant, the petitioner acting pro se through litigation, and respectfully moves the honorable court for leave to file accompanying petition for sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.SG. § 1B1.10 in the United States District Court Southern District of Florida, without payment of costs and to proceed In Forma Pauperis.

   The petitioner was previously found unable to pay a fine and obtain counsel, the federal public defender of Southern District of Florida was appointed to represent him pursuant to 18 U.S.C. § 3006A.

Petitioner is presently incarcerated at CI Moshannon Valley Correctional Center 555 I Cornell Drive, Philipsburg, Pennsylvania 16866.

Petitioner is an indigent, he prays that the honorable court grant him the opportunity to proceed In Forma Pauperis without payment of costs.

Date: 7/8/, 2008

Respectfully Submitted,

_MGrant_
Mosi Grant
BOP# 55595-004

Sworn to before me and subscribed in my presence on this 8th day of July, 2008.

_Ann M. Butler_
SIGNATURE OF THE NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Ann M. Butler, Notary Public
Decatur Twp., Clearfield County
My Commission Expires April 26, 2009
Member, Pennsylvania Association of Notaries

My Commission Expires on: 04/26/2009

CONFIDENTIAL

# FINANCIAL AFFIDAVIT
## IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

CJA-23
Rev. 4/05

IN UNITED STATES ☐ MAGISTRATE ☒ DISTRICT ☐ APPEALS COURT or ☐ OTHER PANEL (Specify below)

IN THE CASE OF: USA v.s. MOSI GRANT
FOR: SOUTHERN DISTRICT AT FLORIDA

LOCATION NUMBER: ••

PERSON REPRESENTED (Show your full name): •• MOSI GRANT

1. ☐ Defendant—Adult
2. ☐ Defendant - Juvenile
3. ☐ Appellant
4. ☐ Probation Violator
5. ☐ Parole Violator
6. ☐ Habeas Petitioner
7. ☐ 2255 Petitioner
8. ☐ Material Witness
9. ☒ Other  § 3582(c)(2)

DOCKET NUMBERS
Magistrate:
District Court: 006343CR-Zloch
Court of Appeals:

CHARGE/OFFENSE (describe if applicable & check box • ) ☐ Felony ☐ Misdemeanor
21, § 846 Conspiracy to Distr at least 5 Kilograms of Cocaine, at least 50g of Cocaine Base and Marijuana

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**ASSETS**

**EMPLOYMENT**
Are you now employed? ☒ Yes ☐ No ☐ Am Self-Employed
Name and address of employer: CI MVCC 555 I COrnel Dr. Philipsburg, PA 16866
IF YES, how much do you earn per month? $ 5.00
IF NO, give month and year of last employment. How much did you earn per month? $ _____
If married is your Spouse employed? ☐ Yes ☒ No
IF YES, how much does your Spouse earn per month? $ _____
If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ _____

**OTHER INCOME**
Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☒ No
RECEIVED                SOURCES
IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES $ _____

**CASH**
Have you any cash on hand or money in savings or checking accounts? ☐ Yes ☒ No IF YES, state total amount $ _____

**PROPERTY**
Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☒ No
VALUE        DESCRIPTION
IF YES, GIVE THE VALUE AND $ _____ DESCRIBE IT

**DEPENDENTS**
MARITAL STATUS: ☒ SINGLE ☐ MARRIED ☐ WIDOWED ☐ SEPARATED OR DIVORCED
Total No. of Dependents: _____
List persons you actually support and your relationship to them: _____

**OBLIGATIONS & DEBTS**
DEBTS & MONTHLY BILLS (ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)
APARTMENT OR HOME: _____
Creditors: _____
Total Debt: $ _____
Monthly Paymt: $ _____

I certify under penalty of perjury that the foregoing is true and correct and that the information herein is protected from public disclosure by the Judicial Conference Policy on Public Access to Electronic Criminal Case Files.

Executed on (date): 7/8/08

SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED) ••  M. Grant

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DOCKET NO.: 00-6343-CR-ZLOCH

MOSI GRANT,

           Petitioner,

-VS-

UNITED STATES OF AMERICA,

           Respondent,

MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c) AND
U.S.S.G. § 1B1.10

THE HONORABLE WILLIAM J. ZLOCH
UNITED STATES DISTRICT JUDGE

**AND NOW,** comes Mosi Grant, the petitioner acting pro se through litigation, (hereinafter "petitioner" and respectfully file this motion requesting sentence reduction pursuant to 18 U.S.C. § 3582 (c)(2) and U.S.S.G. § 1B1.10.

Should the court recalculate the range and base offense level base upon the sentencing commission new rule apply for determining the base offense level in crack cocaine under § 2D1.1 of advisory guidelines, Mosi Grant's sentence would be different.

The Sentencing Commission Amend the drug quantity table in § 2D1.1 so that crack cocaine quantities triggering the five and ten year mandatory minimum are assigned base offense levels, two levels lower than before.

The date of this offense is March 01, 2000, the grand jury in the United States District Court, Southern District of Florida return an indictment against petitioner, Msi Grant, charging him in conspiracy to distribute at least five kilograms of cocaine, and at least 50 grams of cocaine base and a quantity of Marijuana, in violation of 21, U.S.C. § 846.

Accordingly, Mr. Mosi Grant pled guilty to the offense, before the honorable judge William J. Zloch,- 21 U.S.C. § 846, conspiracy to distribute cacaine cocaine base and marijuana.

On June 21, 2001, Mosi Grant was sentenced to a term of 151 months following his plea to guilty to the indictment, in United States District Court for the Southern District of Florida. Mosi Grant's sentencing guidelines range was from 151 to 188 months based on a total offense level 34 and a criminal history category of I. Should the Court imposed a term of recalculate range, now that the petitioner's sentencing guideline range under the new method would be from 121 to 151 months based on a total offense

level 32, and a criminal history category of I, the resulting term would be 121 months.

### A

### GUIDELINE RANGE DETERMINED BY THE COURT UNDER THE OLD METHOD

The Court found the petitioner, Mosi Grant accountable for at least five kilograms of cocaine, at least 50 grams of cocaine base and a quantity of Marijuana - converting these drugs to their Marijuana equivalent resulted in the following guideline calculation:

| | |
|---|---|
| Base Offense Level: | 36 |
| Specific Offense Characteristic: | 0 |
| Victim Related Adjustments: | 0 |
| Adjustment for Role in the Offense: | 0 |
| Adjustment for Obstruction of Justice | 0 |
| Adjustment for Acceptance of Responsibility: | -2 |
| Total Offense Level: | 34 |
| Criminal History Category: | I |
| Imprisonment Range: | 151 to 188 months |
| Statutory Maximum Term: | 20 Years |
| Statutory Mandatory Minimum | None |

### B

### THE SENTENCE IMPOSED

On June 21, 2001, the petitioner, Mosi Grant was sentenced to 151 months imprisonment, 5 years supervised release, a $100 fine, and ordered to pay a special assessment of $100. Grant's projected release date is December 6, 2011.

3.

## C
### REASON FOR SENTENCE PER APPLICABLE GUIDELINE TERM

The Court departed two offense levels pursuant to § 3E1.1(a), because of petitioner's acceptamce of responsibility. The Court adopts the factual findings anf guideline application in the presentence report, thus, rejects One offense level pursuant to § 3E1.1(b), because the court finds that the defendant was a manager and supervisor and the criminal activity involved 5 or more participants. The resulting guideline range was 151 to 188 months, and the term imposed was at the bottom of that range.

## D
### GUIDELINE RECALCULATIONS UNDER THE NEW METHOD OR THRESHOLD:

Under the sentencing guidelines effective November 1, 2007, the conspiracy to distribute at least five kilograms of cocaine, at least 50 grams of cocaine base and a quantity of Marijuana, - converting these drugs to their Marijuana equivalent and a base offense level is 34.

```
Base Offense Level:                              34
Specific Offense Characteristic:                  0
Victim Related Adjustments:                       0
Adjustment for Role in the Offense:               0
Adjustment for Obstruction of Justice:            0
Adjustment for Acceptance of Responsibility:     -2
Total Offense Level:                             32
Criminal History Category:                        I

Imprisonment Range:                  121 to 151 months

Statutory Maximum Term:                     20 years
Statutory Mandatory Minimum:                None
```

4.

As related above, the court granted a two level reduction pursuant to § 3E1.1(a), and imposed a sentence at the bottom of the resulting guideline range. A two level reduction from 34 to 32, criminal history category I, would result in a range of 121 to 151 months. Should the Court impose a term at the bottom of the recalculated range, the resulting term would be 121 months.

Under the New method, petitioner sought that his sentence be reduced to 121 months in light of the Amendment to the United States Guidelines Manual..

### E

**PETITIONER MAY BE ELIGIBLE TO BE--RESENTENED**

Mosi grant, the petitioner prays that the court show him mercy, and re-sentenced since the mandatory guidelines are no longer constitutional.

Apparently, the commission issued its plan but the Supreme Court upheld the discretion of judges to dispense lighter sentence for crack cocaine offenders than those recommended by the federal sentencing guidelines.

In the **Gall** case, the Supreme Court restored broad discretion to the district judge by allowing them to impose the sentence they deem most appropriate after considering all of the sentencing factors set forth in 18 U.S.C. § 3553(a0. It held that while the guidelines should be "the starting point and initial benchmark" of a reasonable sentence, the sentencing judge "may not presume that the guidelines range is reasonable". The majority concluded

that an app probation sentence imposed by an "experience" district judge was both reasoned and reasonable. The majority also dramatically changed the rules governing appellate reviews of sentences below the guideline range, holding that Circuit Court may not make a de novo determination about whether the variation from the guideline range was "reasonable", but instead must use a "deferential abuse-of-discretion standard" even when a trial judges sets a punishment below the guideline range.

In **Kimbrough,** the Supreme Court held that a district judge may consider the crack/powder disparity when sentencing crack cocaine offenders, and impose a below-guidelines sentence of it determines that a within-guidelines is "greater than necessary" to serve the objectives of sentencing set forth at 18 U.S.C. § 3553(a). The Court also rejected the Fourth Circuits rationale that a sentence outside the guidelines is "per se unreasonable" because it is based on disagreement with the crack-powder disparity.

It is defendant's understanding that under the previous federal laws, defendant converted selling 5 grams of crack face a five year mandatory sentence as offenders caught selling 500 grams of the powder cocaine. This 100 to 1 rule is a legacy of the 1980's. When it was erroneously believes that crack was much more dangerous than the chemically identical powder. Congress made crack cocaine the only drug that carries a mandatory minimum sentence for possession even for first time offenses. The Sentencing Commission sets guidelines for federal prison sentences.

The sentencing commission adopted new guidelines aimed at given crack cocaine offenders a short at marginally reducing offenders time in prison.

6.

Because Mosi Grant, had been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by Sentencing Commission, he moves this Honorable Court to reduce the term of imprisonment in accordance with 18 U.S.C. § 3582(c)(2) to a term of 121 months.

According to pro se litigation, his understanding of this law, this defendant is eligible for the new crack cocaine Amendments by adding guideline amendment 706 to the list of provisions specified in U.S.S.G. § 1B1.10 that are entitled to retroactive treatment which take affect on March 3, 2008. It is also our position that the defendant may be eligible to be re-sentenced since the mandatory guidelines are no longer constitutional.

Worthy to mention, under the Old threshold table, Grant's base offense level was 36. Now, under the New threshold table, Mr. Grant's base offense level is 34. Mr. Grant has successfully demonstrated acceptance of responsibility, remorse and avoid going to trial. If Mr. Grant were to be sentence today, his total offense level would be 32, at criminal history category of I, corresponding to a sentencing guideline range of 121 to 151 months. Therefore, Grant's senten under the new method should be 121 months.

Under the new method, Grant's guideline range of 151 to 188 months is void, or it is no longer equitable that the judgment should have prospective application. Apparently, the United States Sentencing Commission adjusted the drug threshold quantity above, between, and

below the mandatory minimum threshold, with the net result being that for crack offenses, base offense levels across the board are two levels lower than they would have before the Amendment.

Herein, Mosi Grant sought that his sentence be reduced to 121 months in light of the Amendment to United States Guidelines manual § 2D1.1.

## CONCLUSION

**Wherefore,** Grant respectfully request and prays that his sentence be reduced to 121 months..

Date: 7/8/ , 2008.

Respectfully Submitted,

_MGrant_
Mosi Grant
BOP# 55595-004

Sworn to before me and subscribed in my presence on this 8th day of July , 2008.

_Ann M. Butler_            _Ann M. Butler_
SIGNATURE OF THE NOTARY PUBLIC    NAME OF THE NOTARY PUBLIC

MY Commission Expires on: 04/26/2009

```
COMMONWEALTH OF PENNSYLVANIA
         Notarial Seal
   Ann M. Butler, Notary Public
  Decatur Twp., Clearfield County
  My Commission Expires April 26, 2009
 Member, Pennsylvania Association of Notaries
```

8.

## CERTIFICATE OF SERVICE

I, Mosi Grant, the petitioner acting pro se through litigation hereby certify that the foregoing motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10 is furnished on this 8 day of July, 2008 to the office of the clerk in the United States District Court for the Southern District of Florida, Federal Courthouse Sq. 301 N. Miami Avenue, Ste 150 Miami, Florida 33128 via Postal Mail Box situated at CI Moshannon Valley Correctional Center 555 I Cornell Drive, Philipsburg, PA 16866 with sufficient postage stamps to ensure delivery.

Respectfully Submitted,

_MGrant_
Mosi Grant #55595-004
MVCC 555 I Cornell Drive,
Philipsburg, PA 16866

9.